RAFAEL F. VEVE CARRILLO, Plaintiff and Appellee-Appellant, v. MUNICIPALITY OF FAJARDO, Defendant and Appellant-Appellee.

No. 5101.   Argued June 2, 1931.—Decided July 20, 1932.

*Bolívar Pagán* for appellant-appellee. *H. Torres Solá* for appellee-appellant.

MR. JUSTICE WOLF delivered the opinion of the Court.

In its opinion the District Court of San Juan set forth that the plaintiff had obtained a contract for constructing a school in Fajardo, for which he was to be paid $28,663.40 under certain well-understood regulations. The contract was approved by the necessary authorities. Changes or reforms were made in the contract, the details of which the court also sets forth. Then the court reviews the pleadings. The answer was bad, inasmuch as it merely denied paragraph for paragraph of the complaint. The court said that if plaintiff had relied on the state of the pleadings he might have obtained a judgment, but that instead he went to trial. In other words the court thought that the plaintiff waived his right.

We are of the opinion that this waiver only goes to the part of the complaint actually proved at the trial, but that the plaintiff may still rely on facts averred and not proved but not duly put in issue by the answer.

The court goes on to recite the evidence and the efforts made by the plaintiff to obtain payment of a residue owing to him amounting to $6,045.86. The defendant presented no evidence. After reviewing the defenses raised the court rendered judgment for the said amount.

This was an ordinary suit entitled "To recover money." The defendant maintains in its first assignment of error that the court had no jurisdiction to hear such a suit against a municipality. Defendant relies on section 63 of the Municipal Law of 1925 (Session Laws, page 738), as follows:

"That on motion of the aggrieved party, the district courts shall have jurisdiction—

"(a) To annul or review by writ of certiorari any legislative or administrative act of the municipal assembly, mayor or other mu-

nicipal official, which infringes the constitutional rights of the complainants or which is contrary to the Organic Act or to the laws of Porto Rico.

"(b) To stay by injunction the execution of any ordinance, act, resolution or order which infringes rights guaranteed by the Constitution or by insular laws;

"(c) To compel by writ of mandamus a compliance with ministerial duties by municipal officials;

"(d) To grant, under ordinary action, compensation for damages to parties injured by acts or omissions of municipal officials through malice or inexcusable negligence or ignorance. . . . ''

The contention is that no other suits lay than the ones enumerated. The court answered the contention by saying in effect that the said section was not an exhaustive division of all the powers or responsibilities of a municipality; that a municipality was a body politic with power to sue and capacity to be sued. We agree. Municipalities like other entities are responsible on their contracts. A person who contracts with them does not have to recur to some special writ, or even sue in tort. His action is on the contract or the breach thereof. With the court below we discover on the part of the Legislature no intention to limit the rights of a citizen.

The defendant was disposed to admit that plaintiff might have brought an action in damages under section 63 (d). What is this suit? Although entitled "To recover money" it is essentially one for a breach of contract with ensuing damages to be measured by the amount agreed upon by the parties to the contract.

The authorities cited by the defendant are to the effect that when a certain statute gives a remedy covering a particular field or part thereof, the remedy is generally exclusive. *Haines* v. *Fearnley*, 117 Pac. 162; *Stowell* v. *Flagg*, 11 Mass. 364. Such limitations, however, do not apply to other fields or perhaps not to parts of the same field. One can see how doubtfully the Massachusetts court, *supra*,

reached its conclusion. It found that the legislature clearly intended a particular remedy for the flow of lands.

The second assignment of error sets up that the plaintiff failed to prove his contract. The complaint and the answer admitted it.

The court committed no error in not specifying out of which fund the judgment should be paid. This is the duty of the municipality and not of the court.

The plaintiff also appealed assigning error in not conceding interest. We see no reason why interest should not have been awarded. The municipality did not appear or file a brief in answer to the reasoned brief of the plaintiff.

The judgment should be modified to include interest and otherwise affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.